Defendant, Dennis Glover, was found guilty following a jury trial of Breaking and Entering, R.C. 2911.13(B), Attempted Theft, R.C. 2923.02(A) and R.C. 2913.02(A)(1), and Possession of Criminal Tools, R.C. 2923.24(A). The trial court sentenced Glover to one year imprisonment on each count, with count three to be served consecutively to counts one and two which run concurrently.
Dennis Glover timely appealed to this court. Glover's appellate counsel filed a brief pursuant to Anders v.California (1967), 386 U.S. 738, certifying that a review of the record in this case had failed to reveal any meritorious issues for appellate review.
We notified Dennis Glover of his appellate counsel's representations and allowed him sufficient time to object or otherwise respond pro se.
In his Anders brief Glover's appellate counsel pointed out one arguable issue which might support an appeal: that the trial court erred in refusing to allow Glover to depose three of the States' witnesses prior to trial. Glover's appellate counsel readily concedes, however, that this claim lacks any merit.
In order to be entitled to depose a prospective witness in a criminal proceeding, certain conditions set forth in Crim.R. 15(A) must exist:
 (A) When taken. If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place.
 If a witness is committed for failure to give bail or to appear to testify at a trial or hearing, the court on written motion of the witness and notice to the parties, may direct that his deposition be taken. After the deposition is completed, the court may discharge the witness.
In denying Glover's request to depose the State's witnesses the trial court noted that Glover had failed to even allege, much less make any showing, that the conditions set forth in Crim.R. 15(A) that are a prerequisite to taking a witness' deposition apply in this case. Accordingly, the trial court correctly refused Glover's request to depose these witnesses.
Glover was not entitled to use the deposition process as a vehicle to compel the prosecution's witnesses to speak to the defense prior to trial. In a criminal case any prospective witness for the prosecution has the right to refuse to speak to or be interviewed by the defense prior to trial, and except under unusual circumstances, the witness cannot be compelled to do so. State v. Zeh (1987), 31 Ohio St.3d 99.
In addition to reviewing the issue identified by Glover's appellate counsel, we have also conducted an independent review of the record in this case including the docket and journal entries and transcript of Glover's jury trial. We find no prejudicial errors in the proceedings of the trial court which deprived Glover of a fair trial or infringed upon his constitutional rights.
The judgment of the trial court is affirmed.
SO ORDERED.
 ----------------------------------- FREDERICK N. YOUNG, PRESIDING JUDGE
 ----------------------------------- JAMES A. BROGAN, JUDGE
 ----------------------------------- THOMAS J. GRADY, JUDGE
Copies mailed to:
Robert Hendrix Asst. Pros. Attorney 45 N. Detroit Street Xenia, Ohio 45385
Ronald H. Sebree, Esq. 314 S. Main Street Suite 2 Englewood, Ohio 45322-2751
Hon. Thomas M. Rose 45 N. Detroit Street Xenia, Ohio 45385